Betty Wright Executive Director Kansas Dental Board Landon State Office Building 900 SW Jackson, Room 564-B Topeka, Kansas 66612
Dear Ms. Wright:
As Executive Director of the Kansas Dental Board (KDB), you ask whether the Kansas Tort Claims Act will provide a legal defense and payment of damages, if any, for (1) a board member, (2) a member of a specialty committee, or (3) a paid dentist contract investigator, who testifies as an expert witness in a disciplinary hearing that the KDB is prosecuting and who is subsequently sued by the respondent licensee.
The Kansas Tort Claims Act (KTCA) generally establishes governmental liability for the negligent or wrongful acts or omissions of governmental employees acting within the scope of their employment under the same circumstances that a private person would be liable.[1] Ordinarily, a private employer is not held vicariously liable for the negligence or wrongful acts of an independent contractor it hires.[2] In case of a lawsuit against the KDB, and upon sufficient request, the KTCA provides for representation by the Attorney General's Office and payment from the state tort claims fund for any ensuing settlement or judgment for any damages caused by a negligent or wrongful act or omission of any KDB employee while acting within the scope of employment, provided such employee did not act with actual fraud or actual malice.[3]
The underlying issue presented, therefore, is whether (1) a board member, (2) a member of a specialty committee, or (3) a paid dentist contract investigator who testifies as an expert witness in a disciplinary hearing is an employee of the KDB or anindependent contractor.
The applicable part of the KTCA's definition of "employee" is as follows:
 Any officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation. . . .[4]
With some non-applicable exceptions, "employee" does not include any independent contractor.[5]
The distinction between an employee and an independent contractor was explained in Attorney General Opinion No. 99-54 in regards to a question posed by the Kansas Real Estate Appraisal Board regarding that board's contract reviewers:
 An independent contractor is one who, in exercising an independent employment contracts to do certain work according to his or her own methods without being subject to the control of the employer, except as to the results or product of his or her work. The primary test used by the courts to determine whether the employer-employee relationship exists is whether the employer has the right of control and supervision over the work of the alleged employee, and the right to direct the manner in which the work is to be performed, as well as the result which is to be accomplished. It is not the actual interference or exercise of the control by the employer, but the existence of the right or authority to interfere or control, which renders one an employee rather than an independent contractor. There is no absolute rule for determining whether an individual is acting as an employee or an independent contractor; the determination is made on a case-by-case basis taking all the circumstances into consideration.[6]
 Board Member
Before addressing your specific questions, some comments about a KDB member serving as an expert witness are in order. It is highly unusual and potentially fraught with legal problems for a member of a licensing board to serve as an expert witness in a proceeding before that board.
We are aware that the Kansas Dental Board uses the services of the Office of Administrative Hearings (OAH) for disciplinary hearings. While not specifically stated in your request, for the purpose of this analysis we assume that it is possible that a KDB member might provide expert testimony during such hearing. Subsequently, a Presiding Officer from OAH would render an Initial Order that is subject to review by the KDB. Thus, it is possible that a board member's expert testimony could be reviewed by the KDB.[7] This situation could result in a legal challenge for a Due Process violation, i.e., lack of a fair and impartial review by the KDB because one of its own members testified as an expert witness.
No Kansas appellate case has ruled on the propriety of a board member serving as an expert witness in a case that could come before that board. A review of cases nation-wide also shows an absence of such cases. Nevertheless, the Michigan Court of Appeals opined in dicta:
 Petitioner does not challenge the procedure employed here, i.e., the witness whose testimony "supports" the board's decision being a member of the board. The Michigan Administrative Procedures Act provides that "[h]earings shall be conducted in an impartial manner." Had the issue been addressed, we would be inclined to rule that a hearing is not impartial where an expert witness for the board is a board member, one of whose functions is to pass upon the credibility and accuracy of expert testimony.[8]
Although the Kansas Administrative Procedures Act does not contain that specific prohibition[9], it has long been held by the Kansas Supreme Court that an administrative hearing that is quasi-judicial in nature must be full, fair, open, and impartial and due process standards are to be followed.[10] However, as with the Michigan Court of Appeals, if asked, the inclination would be to opine that a hearing is not impartial where an expert witness for the board is a board member, one of whose functions is to pass upon the credibility and accuracy of expert testimony.
Turning to your question, we begin by noting that under the KTCA, a KDB member is an employee of the KDB by virtue of being a member of a board of a governmental entity.[11] The KDB is a statutorily-created body vested with authority to carry out the purposes and enforce the provisions of the Regulation of Dentists and Dental Hygienists Act.[12]
Administrative agencies such as the KDB are "creatures of statute" and their power is dependent upon authorizing statutes.[13] Such agencies have only such powers as have been conferred upon them by law, either expressly or by clear implication.[14] The powers and duties of the KDB are set out in K.S.A. 74-1406. Pursuant to that statute, the KDB may investigate violations of the Regulation of Dentists and Dental Hygienists Act, institute appropriate legal proceedings and conduct disciplinary hearings.
There is no express statutory authority in K.S.A. 74-1406 for a KDB member to serve and testify as an expert witness in a disciplinary proceeding; however, K.S.A. 65-1442 imposes upon KDB members the duty to assist prosecuting officers in the enforcement of the Regulation of Dentists and Dental Hygienists Act:
 The board and its members and officers shall assist prosecuting officers in the enforcement of this act, and it shall be the duty of the board, its members and officers, to furnish the proper prosecuting officer with such evidence as it or they may ascertain to assist him in the prosecution of any violation of this act, and the board is authorized for that purpose to make such reasonable expenditure from the funds in its hands as it may deem necessary in ascertaining and furnishing such evidence.[15]
While K.S.A. 74-1406 does not list testifying as an expert witness as one of the powers and duties of the KDB, K.S.A. 65-1442 expressly states that KDB members have a duty to furnish prosecuting officers with such evidence as they may ascertain to assist in a prosecution. Without regard to the serious Due Process concerns described above, it can be assumed that providing expert testimony in a disciplinary proceeding is consistent with the KDB members' authority to assist in the enforcement of the Regulation of Dentists and Dental Hygienists Act.
However, a fundamental rule of statutory construction is that a statute is to be construed as a whole, and one section cannot be excised from its context and a right or liability predicated thereon, while the remainder of the statute is ignored.[16] Thus, when interpreting K.S.A. 65-1442, we must also consider that in regards to furnishing a prosecuting officer with evidence, the KDB is authorized for that purpose to expend funds necessary inascertaining and furnishing such evidence. No Kansas case has examined this statute, but a reasonable interpretation of K.S.A. 65-1442 as a whole may determine that the KDB isonly authorized to expend funds to furnish a prosecuting officer with evidence, i.e. by hiring expert witnesses. Thus, although K.S.A. 65-1442 implies that the KDB has the authority to provide expert testimony in a disciplinary proceeding, a court may find otherwise depending on the facts of an individual case.
As such, we opine that presenting expert testimony to the KDB to assist in a disciplinary proceeding may be within the scope of employment of a KDB member if it is determined that providing suchtestimony is within the authority of the KDB. If the facts of the case so indicate, then the KDB member providing such testimony would be covered by the KTCA for the purposes of claims arising from such testimony.
 Member of Specialty Committee
You relate that members of a specialty committee are unpaid licensees who are appointed by the KDB to review and test specialty license applicants. This issue appears to arise under K.S.A. 65-1427(b) regarding dental specialists: "The board is hereby empowered to give such examination as it may deem necessary to determine the qualifications of applicants and may secure such assistance as the board may deem advisable in determining the qualifications of applicants."
While serving in the capacity of a specialty committee reviewingand testing specialty license applicants, the committee members are considered to be employees of the KDB for purposes of the KTCA and thus covered by that Act. A situation quite similar to this was addressed in Attorney General Opinion No. 2000-58, which reached this conclusion in relation to the Behavioral Sciences Regulatory Board's advisory committees, including a committee that evaluates complaints filed against licensed professionals. This opinion, however, specifically noted that such committee member isnot later utilized as an expert witness in any subsequent disciplinary action.
Although not clear from your description of the function of a specialty committee (unpaid licensees who are appointed by the board to review and test specialty license applicants) and your question (testifies as an expert witness against a licensee who the board is prosecuting in an administrative hearing), we assume the following: A dentist who has been granted a specialty certificate of qualification under K.S.A. 65-1427(a) subsequently has a complaint filed against him. A member of the specialty committee reviews the complaint and finds probable cause to believe that the specialty dentist violated or failed to comply with an applicable statute or regulation, thus triggering an administrative disciplinary hearing. At the hearing, the specialty committee member testifies as an expert witness.
So the question becomes: If the function of a member of a specialty committee changes from a reviewing committee member to an expert witness testifying in a hearing, does the person's status also change from KDB employee to independent contractor, thus excluding KTCA coverage?
Here, as with a review appraiser who reviews a complaint and later testifies as an expert in a disciplinary hearing, a member of a specialty committee is initially asked to evaluate a complaint made against a specialty dentist and form an independent opinion regarding validity of the complaint. That person, who subsequently testifies as an expert witness in a disciplinary hearing, performs the same function as a paid dentist contract investigator testifying as an expert witness. In this capacity — expert witness — that person serves as an independent contractor, and not as an employee, of the KDB; and thus, does not come within the protection of the KTCA.
 Paid Dentist Contract Investigator
The issue regarding a paid dentist contract investigator was addressed in Attorney General Opinion No. 99-54 in relation to the same question posed by the Kansas Real Estate Appraisal Board regarding that board's contract reviewers.
At the time that opinion was issued, "employee" was defined in the KTCA as any person "acting on behalf of or in the service of a governmental entity, in any official capacity, whether with or without compensation", but did not include an independent contractor.[17] While the definition of "employee" has been amended since the issuance of that opinion, independent contractors are still excluded from the KTCA.[18]
The opinion concluded that the review appraisers were independent contractors because the reviewers were expected to evaluate complaints according to their own methods, perform that task objectively and independently, not subject to the control or supervision by the board, other than board expectation that the reviewer prepare a final assessment or an application or complaint. Without further information, we assume that the KDB has the same expectation of its contract reviewers.
Therefore, modifying the conclusion of Attorney General Opinion No. 99-54 to make it applicable to the KDB, the answer is:
 A dentist who contracts with the Kansas Dental Board to review complaints and subsequently testifies as an expert against a licensed dentist serves in the capacity of an independent contractor and not an employee of the Board. Consequently, such paid contract dentist investigators do not come within the protection provided to agency employees pursuant to the Kansas Tort Claims Act.
In conclusion, a KDB member who testifies as an expert witness may be considered to be acting within the scope of their employment as a KDB member, if providing such testimony is within the KDB's authority. If the facts so indicate, the KDB member would be covered by the KTCA, and in the event of a claim arising from a KDB member's expert testimony in a Board disciplinary hearing, the member could request a defense from the KDB. We caution, however, that Due Process issues could arise if an expert witness for the KDB also is a KDB member.
In contrast, a member of a specialty committee or a paid dentist contact investigator who testifies as an expert witness in a Board disciplinary hearing is considered an independent contractor and if subsequently sued by the respondent licensee in relation to that testimony is not covered by the KTCA for the costs of a legal defense and payment of damages award, if any.
Sincerely,
DEREK SCHMIDT KANSAS ATTORNEY GENERAL
Sarah Fertig Assistant Attorney General
[1] K.S.A. 2010 Supp. 75-6103(a).
[2] Mitzner v. State Department of SRS,257 Kan. 258, 261 (1995).
[3] K.S.A. 2010 Supp. 75-6108; 75-6117.
[4] K.S.A. 2010 Supp. 75-6102(d)(1)(A).
[5] K.S.A. 2010 Supp. 75-6102(d)(2).
[6] Internal citations omitted.
[7] See K.S.A. 2010 Supp. 77-527 regarding review of initial order.
[8] Tziahanas v. Department of Licensing and Regulation, Boardof Psychology, 371 N.W.2d 477, 481 (1985).
[9] But see K.S.A.2010 Supp. 77-514(b) (presiding officer subject to disqualification for administrative bias, prejudice or interest); K.S.A. 2010 Supp. 77-525(a) (presiding officer may not engage in ex parte communications while a proceeding is pending).
[10] Adams v. Marshall, 212 Kan. 595, 600 (1973).
[11] K.S.A. 2010 Supp. 75-6102(d)(1).
[12] K.S.A. 74-1404.
[13] E.g. Pork Motel, Corp. v. Kansas Dept. of Health andEnvironment, 234 Kan. 374, 378 (1983).
[14] E.g. Woods v. Midwest Conveyor Co., Inc.,231 Kan. 763, 770 (1982).
[15] Emphasis added.
[16] Thoman v. Farmers Bankers Life Ins.Co., 155 Kan. 806, 809 (1942).
[17] K.S.A. 75-6102(d) (1997).
[18] K.S.A. 2010 Supp. 75-6102(d)(2).